UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MARTIN J. MAZLOOM, :
:
    Plaintiff : No. 4:10-CV-2342
:
  vs. : (Judge Kosik)
:
MICHAEL J. ASTRUE, :
COMMISSIONER OF SOCIAL :
SECURITY, :
:
    Defendant :

**MEMORANDUM AND ORDER**

FILED
SCRANTON

NOV 1 4 2011

PER _____
DEPUTY CLERK

**BACKGROUND**

    The above-captioned action is one seeking review of a decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff Martin J. Mazloom's claim for social security disability insurance benefits. For the reasons set forth below we will affirm the decision of the Commissioner.

    Disability insurance benefits are paid to an individual if that individual is disabled and "insured," that is, the individual has worked long enough and paid social security taxes. The last date that a claimant meets the requirements of being insured is commonly referred to as the "date last insured." It is undisputed that Mazloom meets the insured status requirements of the Social Security Act through December 31, 2012. Tr. 10 and 12.[1]

---

1. References to "Tr.___" are to pages of the administrative record filed by the Defendant as part of his Answer on January 20, 2011.

Mazloom was born on July 31, 1956. Tr. 81 and 100. Mazloom graduated from high school in 1975 and can read, write, speak and understand English. Tr. 120 and 125. Records of the Social Security Administration reveal that Mazloom had earnings in 1972, 1973, 1975 through 1987, 1990 through 1996, 1998, and 2000 through 2008. Tr. 108. Mazloom's total earnings during those years were $337,668.33. Id. From 1990 through 2000, Mazloom worked as a cook in a family-owned restaurant. Tr. 121 and 139. Mazloom reported that he worked as the president of a bar and restaurant, Mazloom, Inc., since 2000 earning $13,000 per year. Tr. 121. A letter from Mazloom's accountant dated January 19, 2010, states that Mazloom is the sole shareholder of Mazloom, Inc., and earns an annual salary of $13,000 as compensation for his services as an officer. Tr. 173. Mazloom reported that his job responsibilities included signing payroll checks, paying bills for beer supplies and other administrative duties. Tr. 122.

Mazloom claims that he became disabled on August 14, 1995, because of fibromyalgia, mental depression and diabetes. Tr. 83, 100 and 120.

On August 14, 2008, Mazloom filed protectively an application for disability insurance benefits. Tr. 81 and 100-106.

On November 21, 2008, the Bureau of Disability Determination[2] denied Mazloom's application. Tr. 83-87. On December 1, 2008, Mazloom requested a hearing before an administrative law judge. Tr. 88-89  Some 13 months later, a hearing before an administrative law judge was held on January 13, 2010. Tr. 20-67. On February 24, 2010, the administrative law judge issued a decision denying Mazloom's application. Tr. 10-15.  On April 23, 2010, Mazloom requested that the Appeals Council review the administrative law judge's decision. Tr. 6.  On September 15, 2010, the Appeals Council concluded that there was no basis upon which to grant Mazloom's request for review. Tr. 1-5.  Thus, the administrative law judge's decision stood as the final decision of the Commissioner.

On November 12, 2010, Mazloom filed a complaint in this court requesting that we reverse the decision of the Commissioner denying him social security disability insurance benefits. The Commissioner filed an answer to the complaint and a copy of the administrative record on January 20, 2011. Mazloom filed his brief on March 4, 2011, and the Commissioner filed his brief on

---

2. The Bureau of Disability Determination is an agency of the Commonwealth of Pennsylvania which initially evaluates applications for disability insurance benefits on behalf of the Social Security Administration.  Tr. 84.

April 4, 2011. The appeal[3] became ripe for disposition on April 21, 2011, when Mazloom elected not to file a reply brief.

When considering a social security appeal, we have plenary review of all legal issues decided by the Commissioner. See Poulos v. Commissioner of Social Security, 474 F.3d 88, 91 (3d Cir. 2007); Schaudeck v. Commissioner of Social Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999); Krysztoforski v. Chater, 55 F.3d 857, 858 (3d Cir. 1995). However, our review of the Commissioner's findings of fact pursuant to 42 U.S.C. § 405(g) is to determine whether those findings are supported by "substantial evidence." Id.; Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); Mason v. Shalala, 994 F.2d 1058, 1064 (3d Cir. 1993). Factual findings which are supported by substantial evidence must be upheld. 42 U.S.C. §405(g); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001)("Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently."); Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981)("Findings of fact by the Secretary must be accepted as conclusive by a reviewing court if supported by substantial evidence."); Keefe v. Shalala, 71 F.3d 1060, 1062 (2d Cir. 1995); Mastro v. Apfel, 270 F.3d 171, 176

---

3. Under the Local Rules of Court "[a] civil action brought to review a decision of the Social Security Administration denying a claim for social security disability benefits" is "adjudicated as an appeal." M.D.Pa. Local Rule 83.40.1.

(4th Cir. 2001); Martin v. Sullivan, 894 F.2d 1520, 1529 & 1529 n.11 (11th Cir. 1990).

Substantial evidence "does not mean a large or considerable amount of evidence, but 'rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Pierce v. Underwood, 487 U.S. 552, 565 (1988)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)); Johnson v. Commissioner of Social Security, 529 F.3d 198, 200 (3d Cir. 2008); Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). Substantial evidence has been described as more than a mere scintilla of evidence but less than a preponderance. Brown, 845 F.2d at 1213. In an adequately developed factual record substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." Consolo v. Federal Maritime Commission, 383 U.S. 607, 620 (1966).

Substantial evidence exists only "in relationship to all the other evidence in the record," Cotter, 642 F.2d at 706, and "must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 488 (1971). A single piece of evidence is not substantial evidence if the Commissioner ignores countervailing evidence or fails to resolve a conflict created by the evidence. Mason, 994

F.2d at 1064. The Commissioner must indicate which evidence was accepted, which evidence was rejected, and the reasons for rejecting certain evidence. <u>Johnson</u>, 529 F.3d at 203; <u>Cotter</u>, 642 F.2d at 706-707. Therefore, a court reviewing the decision of the Commissioner must scrutinize the record as a whole. <u>Smith v. Califano</u>, 637 F.2d 968, 970 (3d Cir. 1981); <u>Dobrowolsky v. Califano</u>, 606 F.2d 403, 407 (3d Cir. 1979).

To receive disability benefits, the plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 432(d)(1)(A). Furthermore,

> [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. § 423(d)(2)(A).

The Commissioner utilizes a five-step process in evaluating disability insurance benefits claims. See 20 C.F.R. §404.1520; Poulos, 474 F.3d at 91-92. This process requires the Commissioner to consider, in sequence, whether a claimant (1) is engaging in substantial gainful activity, (2) has an impairment that is severe or a combination of impairments that is severe, (3) has an impairment or combination of impairments that meets or equals the requirements of a listed impairment, (4) has the residual functional capacity to return to his or her past work and (5) if not, whether he or she can perform other work in the national economy. Id.

The administrative law judge decided this case at step one of the sequential evaluation process by finding that Mazloom has engaged in substantial gainful activity since the alleged disability onset date. Tr. 12.

If a claimant is engaging in substantial gainful activity, the claimant is not disabled and the sequential evaluation proceeds no further. Substantial gainful activity is work that "involves doing significant and productive physical or mental duties" and "is done (or intended) for pay or profit." 20 C.F.R. § 404.1510. Work "may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before." 20 C.F.R. § 404.1572.

The primary consideration under the Social Security regulations is the amount of the claimant's earnings. 20 C.F.R. § 404.1574(a)(1).

The regulations set threshold earnings amounts for substantial gainful activity. 20 C.F.R. § 1574(b). In 1995, the amount was $500 per month and commencing in 2010 the amount was $1000. Tr. 13. In the present appeal it is not disputed that Mazloom met the threshold earnings amounts for substantial gainful activity.[4] Instead Mazloom argues that he does not perform any duties in the business and, consequently, the amounts he receives from the business do not appropriately represent that he performs substantial gainful activity. Doc. 7, Plaintiff's Brief, p. 3. This argument is unavailing because the administrative law judge found that Mazloom was not credible when he testified that he does not do anything at the business. The administrative law judge pointed to inconsistencies between statements Mazloom made in written documents submitted to Social Security Administration and Mazloom's testimony at the administrative hearing. The administrative law judge stated in part as follows:

> The claimant testified that he does not do anything for the corporation and that he only receives around $400.00 per month, although he gets free meals from the restaurant and his living expenses are paid by the restaurant business . . . However, the earnings that the claimant receives have been reported as earned income.
>
> * * * * * * * * * * * *

---

4. Mazloom did testify at the administrative hearing that he only received around $400 per month.

> Despite the claimant's testimony that he does nothing to earn his officer's compensation and despite the letter from the restaurant manager, the claimant previously admitted that as President of the corporation, that he was responsible for paying bills, payroll and other administrative duties.
>
>   \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*
>
> The claimant's testimony that he only receives about $400.00 per month does not comport with the other evidence of record that reflects that he has received and continues to receive an average of $1,083.33 per month, plus other compensation including an apartment and living expenses . . . .

Tr. 13-14. The administrative law judge found that Mazloom was not credible. Id.

It is well-established that "an [administrative law judge's] findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since [the administrative law judge] is charged with the duty of observing a witness's demeanor . . . ." Walters v. Commissioner of Social Sec., 127 f.3d 525, 531 (6th Cir. 1997); see also Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 801 (10th Cir. 1991)("We defer to the ALJ as trier of fact, the individual optimally positioned to observe and assess the witness credibility."). Because the administrative law judge observed Mazloom when he testified at the hearing on January 13, 2010, the administrative law judge is the one best suited to assess the credibility of Mazloom.

Our review of the administrative record reveals that the decision of the Commissioner is supported by substantial evidence. We will, therefore, pursuant to 42 U.S.C. § 405(g) affirm the decision of the Commissioner.

AND NOW, THEREFORE, this 14th day of November, 2011, IT IS HEREBY ORDERED THAT:

1. The Clerk of Court shall enter judgment in favor of the Commissioner and against Martin J. Mazloom as set forth in the following paragraph.

2. The decision of the Commissioner of Social Security denying Martin J. Mazloom disability insurance benefits is affirmed.

3. The Clerk of Court shall close this case.

                                        Edwin M. Kosik
                                        United States District Judge

EMK:gs